

FILED
JAN 30 2017
[signature] CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| DARCY D. CHAPMAN, | CIV 16-4004 |
| Plaintiff, | |
| vs. | ORDER |
| CAROLYN W. COLVIN,<br>Commissioner of Social Security, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This Court referred the case to United States Magistrate Judge Duffy for the purpose of issuing a Report and Recommendation. The Magistrate Judge has recommended that the Commissioner's denial of benefits be reversed and remanded for reconsideration pursuant to 42 U.S.C. § 405(g), sentence four.

A sentence four remand is proper when the district court makes a substantive ruling regarding the correctness of the Commissioner's decision and remands the case in accordance with such ruling. *Buckner v. Apfel*, 213 F.3d 1006, 1010 (8th Cir. 2000). Remand with instructions to award benefits is appropriate "only if the record overwhelmingly supports such a finding." *Buckner* at 1011.

The Court has conducted a *de novo* review of the Magistrate Judge's Report and Recommendation and the record of the administrative proceedings including Defendant's Memorandum in Support of Defendant's Motion for Order Affirming the Decision of the Commissioner and in Response to Plaintiff's Motion for Order Reversing Decision of the Commissioner. The Court appreciates the parties entering into a Proposed Joint Statement of Material Facts. After having reviewed the record, the Court agrees with the Magistrate Judge's Report and Recommendation. In particular, the Court finds that reversal and remand is warranted not because the evidence is overwhelming, but because the record evidence should be clarified and

properly evaluated.

For instance, with regard to Plaintiff's fibromyalgia, Defendant argues that although "the ALJ did not cite to SSR 12-2p, but he plainly followed its directives." It is not at all clear to this Court that those very specific directives were followed and applied and that warrants a remand.

A determination of Residual Functional Capacity (RFC) is central to these cases. The ALJ found: "The claimant's residual functional capacity for carrying out only routine tasks would prevent her from being able to perform any of her past work." (page 14 of Decision.) What does an RFC that is limited to "routine tasks" mean? It is far too vague. Dr. McGrath's specific findings should have either been incorporated into the RFC or rejected with reasons stated for the rejection. For these and the other bases stated in the Report and Recommendation,

IT IS ORDERED:

1. That the Magistrate Judge's Report and Recommendation, Doc. 17, is ADOPTED by the Court.

2. That Plaintiff's Motion to Reverse Decision of the Commissioner, Doc. 12, is GRANTED.

3. That the Motion to Affirm Commissioner's Decision, Doc. 14, is DENIED.

4. That the Commissioner's decision is REVERSED under sentence four of 42 U.S.C. § 405(g) and the case is REMANDED to the Commissioner for reconsideration pursuant to 42 U.S.C. § 405(g), sentence four.

Dated this 30th day of January, 2017.

BY THE COURT:

Lawrence L. Piersol
United District Court Judge

ATTEST:
JOSEPH HAAS, Clerk

By Summer Wahn
Deputy